UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

FILED
2005 JAN 25 P 1: 39
U.S. DISTRICT COURT
HARTFORD, CT.

UNITED STATES OF AMERICA

VS.

DKT. No: 3:00CR129(AWT)

JAMES HUNTER

## ORDER MODIFYING CONDITIONS OF SUPERVISED RELEASE

On August 8, 2001, James Hunter appeared before the undersigned, having pled guilty to Bank Fraud, in violation of 18 U.S.C. § 1344. James Hunter was sentenced to a term of imprisonment of 27 months to be followed by 5 years of supervised release. The court ordered the following special conditions: 1) The defendant shall be required to pay restitution of $66,450 to the victims of his offense at a rate of $400 per month on the 15th day of each month commencing in the second month following his release from imprisonment; 2) The defendant shall participate in a mental health treatment program, either inpatient or outpatient, as directed by the probation office; the defendant shall pay all or a part of the costs associated with such treatment, based on his ability to pay, as determined by the probation office; 3) The defendant shall refrain from gambling, and he shall not enter any casino or other gambling establishment, or use the internet for gambling purposes; 4) The defendant shall participate in a compulsive gambling treatment program, as directed by the Probation Office; the defendant shall pay all or a part of the costs of such program, based on his ability to pay as determined by the Probation Office; and 5) The defendant shall make full and complete financial disclosure to the Probation Office on a quarterly basis during the period of supervised release.

On November 12, 2004, the court ordered the following modification to Mr. Hunter's special conditions: The defendant shall pay restitution to the victims of his offense at the rate of $245 per month, except when actively enrolled in an educational/vocational program that has been approved by the United States Probation Office; at such times he is actively enrolled in an educational/vocational program, the defendant will be required to pay $100 per month towards his restitution. Mr. Hunter's supervision is scheduled to terminate on April 1, 2008.

On August 12, 2004, this court issued a summons and order to show cause why the supervised release term should not be revoked based on allegations by the United States Probation Office that the defendant had violated the conditions of supervised release as outlined in the violation report.

On December 15, 2004, the defendant appeared before the court at a hearing to determine if his supervised release should be revoked and was given the opportunity to be heard on the allegations of the probation office. He was represented by counsel, David Moraghan. The court found that the defendant had engaged in conduct which constitutes a violation of the conditions of supervised release and ordered the following contingent modification: Should the defendant engage further in conduct which constitutes a violation of the conditions of supervised release, and in response, the United States Probation Office requests a modification of the conditions of supervised release to include a halfway house placement, and the defendant voluntarily waives his statutory right to a hearing, the court will grant this request.

In all other aspects, the Judgement and Committal Order signed August 8, 2001, and the Restitution Order dated August 30, 2001 shall remain in full force and effect.

It is so ordered.

Dated this 21st day of January 2005, at Hartford, Connecticut.

                                                                      Alvin W. Thompson
                                                      United States District Judge