UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| vs. | : | CRIMINAL NO. 3:00CR129(AWT) |
| JAMES HUNTER | : | May 24, 2006 |

**MEMORANDUM IN SUPPORT OF MOTION TO PRECLUDE HEARSAY**

    The minimum requirements of due process in a proceeding to revoke supervised release include the right of the defendant to "confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation)." United States v. Williams, 443 F.3d 35, 45 (2d Cir. 2006), citing Morrissey v. Brewer, 408 U.S. 471 (1972); Gagnon v. Scarpelli, 411 U.S. 778 (1973).  This principle is reflected in F.R. Crim. P. 32.1(b)(2)(C), which provides that in such a hearing the judge must give the defendant "an opportunity ... to question any adverse witness, unless the judge determines that the interest of justice does not require the witness to appear." Under this Rule, the Court is required to balance the defendant's right of confrontation with the government's grounds for not allowing confrontation and with the reliability of the proffered evidence. United States v. Aspinall, 389 F.3d 332, 343 (2d. Cir. 2004), citing United States v. Chin, 224 F.3d 121, 124 (2d Cir. 2000) (per curiam).

    One of the alleged grounds for revocation here is that Mr. Hunter was discharged from the halfway house at which he was directed to reside for a period of eight months.  The reasons for the discharge are in dispute.  The version of the administrators at the halfway house is set forth in various memoranda and attachments that are in the possession of the Probation Office.  The defendant submits that these documents constitute inadmissible hearsay and should not be offered into evidence or reviewed by the Court.  In order to preserve Mr. Hunter's Due Process right to confrontation, the authors of these memoranda and attachments should be produced as witnesses and made available for cross examination.  There can be no legitimate reason for the witnesses not to be called.  The halfway

- 2 -

house is located only a short distance from the courthouse. Moreover, the documents are inherently unreliable in that they are replete with conclusory statements and hearsay within hearsay.

The balancing analysis referred to above need not be conducted where the out-of-court statement falls within an established exception to the hearsay rule. Aspinall, 389 F.3d at 33-49. No such exception is applicable here. The documents are not admissible as business records pursuant to F.R. Evid. 803(6). The pre-discharge summaries prepared by the Associate Program Director and the Case Manager, on April 4 and 5, 2006 respectively, were not "made at or near the time" of the events described therein. Moreover, they are clearly self-serving, having been prepared primarily as justification for the decision to terminate Mr. Hunter from the program and in anticipation of a court hearing. See, Yates v. Bair Transportation, Inc., 249 F. Supp. 681, 689-90 (S.D.N.Y. 1965) (reports prepared in connection with litigation require an added element of trustworthiness). Finally, the reports contain statements made by others, e.g., employers, who were not employees of the halfway house and thus under no obligation to report matters accurately. See Weinstein's Federal Evidence, Second Edition, § 803.08(2) ("To satisfy Rule 803(6), each participant in the chain which created the record from the initial observer to the final entrant must generally be acting in the course of the regularly conducted business".) Similarly, many of the various logs that were attached to the memoranda contain not records of the direct observations of the authors but rather the hearsay statements of others.

In sum, the halfway house documents do not qualify for admission as business records and should be excluded.

                                       Respectfully submitted,

                                       THE DEFENDANT,
                                       JAMES HUNTER

Dated: May 24, 2006                  /s/
                                       Thomas G. Dennis
                                       Federal Defender
                                       10 Columbus Blvd, FL 6
                                       Hartford, CT 06106-1976
                                       Bar No. ct05100
                                       (860) 493-6260
                                       Email: thomas.dennis@fd.org

- 3 -

<u>CERTIFICATE OF SERVICE</u>

    I HEREBY CERTIFY that a copy of the foregoing Memorandum in Support of Motion to Preclude Hearsay has been mailed to James Genco, Assistant United States Attorney, Federal Building, 450 Main Street, Hartford, CT 06103, on this 24th day of May 2006.

                                        /s/ _____
                                        Thomas G. Dennis