UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| vs. | : | CRIMINAL NO. 3:00CR129(AWT) |
| JAMES HUNTER | : | May 24, 2006 |

### MEMORANDUM IN SUPPORT OF MOTION FOR DISCLOSURE

The "minimum requirements of due process" in a proceeding to revoke release include the right of the defendant to disclosure of all of the evidence against him. Morrissey v. Brewer, 408 U.S. 471, 489 (1972) (parole revocation); Gagnon v. Scarpelli, 411 U.S. 778 (1973) (probation revocation); United States v. Jones, 299 F.3d 103, 109 (2d Cir. 2002) (constitutional guarantees governing revocation of parole or probation are identical to those applicable to revocation of supervised release). This principle is also embodied in F.R.Crim.P. 32.1(b)(2)(B) and is designed to ensure that if the defendant's release is revoked and sentence is imposed, it is done solely on the basis of information whose accuracy he has had an opportunity to challenge. United States v. Aspinall, 389 F.3d 332, 348 (2d Cir. 2004).

The Probation Office in this District has developed a practice of meeting ex parte with the Court prior to a revocation hearing. This practice is of questionable propriety in light of the fact that a probation officer who is seeking a revocation is not merely acting as the "eyes and ears" of the Court, a neutral information gatherer, but rather as the defendant's adversary. Aspinall, 389 F.3d at 349. As such, all contact with the Court should be open and on the record. While in Aspinall the Court found no violation of due process principles it did so in part because the information provided by the probation officer "was neither a basis for nor related to the probation revocation charges", as well as the fact that the evidence discussed, a cell phone recording, was disclosed to the defense prior to the hearing. Under the practice in this District, it appears likely that the probation officer does discuss the alleged violations and other matters related to the revocation charges in a pre-hearing meeting with the Court. While the defendant suggests that the better approach would be for the Court to preclude any such ex parte

- 2 -

contact by the probation officer[1], he is by this Motion seeking only the disclosure of any and all information relative to the proceedings that is provided to the Court. The minimum protections of the Due Process Clause mandate this.

                Respectfully submitted,

                THE DEFENDANT,
                JAMES HUNTER

Dated: May 24, 2006              /s/
                Thomas G. Dennis
                Federal Defender
                10 Columbus Blvd, FL 6
                Hartford, CT 06106-1976
                Bar No. ct05100
                (860) 493-6260
                Email: thomas.dennis@fd.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Memorandum in Support of Motion for Disclosure has been mailed to James Genco, Assistant United States Attorney, Federal Building, 450 Main Street, Hartford, CT 06103, on this 24th day of May 2006.

                /s/
                Thomas G. Dennis

---

[1] The inappropriateness of the ex parte meetings between the probation officer and the Court is further demonstrated by the probation officers' practice of emerging from Chambers immediately prior to the start of the proceedings, walking across the well of the Court and taking a seat next to government counsel. Such a display inevitably leads the defendant (and the public) to question what went on behind the closed doors.