UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| vs. | : | CRIMINAL NO. 3:00CR129(AWT) |
| JAMES HUNTER | : | June 20, 2007 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE**

**I      BACKGROUND**

James Hunter is the subject of a petition to revoke his supervised release, filed by the Probation Office. One of the violations alleged in the petition is that he was "unsatisfactory (sic) terminated" from the Watkinson halfway house, to which he had been ordered as a condition of supervised release.

Hearings have been held on May 25 and October 30, 2006. The government is seeking to establish the violation by proffering various records of Watkinson House through the testimony of Ms. Elaine Cohen the Program Director. These records consist of bi-weekly progress notes for the period 1/12/06 (the date of Hunter's admission) to 2/24/06. (Exhibits 6-8); a case plan dated 3/5/06 (Exhibit 9); Disciplinary Action reports dated 3/11/06 (Exhibits 4-5); staff notes dated 3/30/06 (Exhibit 10); an incident report dated 4/2/06 (Exhibit 11); a memo from an associate program director to Hunter's counselor dated 4/4/06; (Exhibit 3); a memo from the associate program director to Hunter's probation officer dated 4/5/06 (Exhibit 2); and a closing summary dated 4/7/06 (Exhibit 1). The defendant objects to the introduction of these records on the grounds that they are incomplete, consist of unreliable and inaccurate hearsay, and that their introduction will deprive him of due process and his right to confront and question the witnesses against him as provided for in F.R.Crim.P. 32.1(b)(2)(C).

**II      DISCUSSION**

The records that the government seeks to introduce were all prepared by persons other than Ms. Cohen. To the extent they relate facts not directly witnessed by Ms. Cohen, they are hearsay. Moreover, several of the proposed exhibits contain additional layers of hearsay, that is hearsay within hearsay, which renders them even more unreliable. See, e.g., Exhibits 1-3.

- 2 -

The constitutional guarantees governing revocation of supervised release are identical to those applicable to revocation of parole or probation. United States v. Sanchez, 225 F.3d 172, 175 (2d Cir. 2000). These protections take the form of a collection of due process rights, among which is the right to confront and cross examine adverse witnesses unless the hearing officer finds good cause for not allowing confrontation. Id. In addition, Rule 32.1(b)(l)(C) of the Federal Rules of Criminal Procedure affords a defendant in a revocation hearing the right, inter alia, to "question any adverse witness unless the court determines that the interest of justice does not require the witness to appear." That right, while not absolute, generally requires the Court to balance the defendant's right of confrontation[1] with the government's grounds for not allowing confrontation, and with the reliability of the evidence offered by the government. United States v. Chin, 224, F.3d 121, 124 (2d Cir. 2000).

Here, the government has provided no reason for not calling the witnesses who have direct knowledge of the events that gave rise to Hunter's termination from the halfway house. Mr. Hunter should be afforded the opportunity to cross examine those witnesses to ensure that the information presented to the court is accurate. See Crawford v. Washington, 541 U.S. 36, 61 (2004) (Noting that the reliability of evidence is best assessed by testing it in the "crucible of cross-examination). Here the government has substituted expedience for reliability, with the result that Hunter faces the prospect of incarceration on the basis of second and third hand information of questionable accuracy.

The records as submitted are also unreliable because they are apparently incomplete. Exhibits 6-9 are counseling/progress notes for the period January 12 to February 24, 2006. For the most part they are favorable to Mr. Hunter and contain no mention of unacceptable behavior. Ms. Cohen testified that case managers are "required" to meet bi-weekly with their clients and thereafter to prepare these reports (Tr. 5/25/06, p. 42; Tr. 10/30/06, pp 36-37). However, there appear to be no progress reports for the period February 24 through April 4, notwithstanding the fact that the rules of the Halfway House require

---

[1] The right of confrontation referred to here is a due process right, not the right guaranteed by the Sixth Amendment. United States v. Aspinall, 389 F.3d 332, 342-43 (2d Cir. 2004) (The Confrontation Clause applies in criminal proceedings. Revocation hearings are not a stage of criminal prosecutions).

- 3 -

them and Ms. Cohen "assumes" they were, in fact, prepared. (Tr. 10/30/06, p. 37).[2] These reports are crucial because they would reflect Mr. Hunter's behavior and adjustment up until the time a decision was reached to terminate him from the program. Of course, the primary question in this case is whether that decision was justified. The missing progress notes would be important and reliable evidence on that issue.

The government seeks to avoid the hearsay objection to these records by invoking the business record exception. F.R.Evid. 803(6). The Second Circuit has held that the balancing analysis of Chin is not required where the out of court statement falls within an established exception to the hearsay rule. United States v. Jones, 299 F.3d 103, 114 (2d Cir. 2002). However, the Court has also recognized that the "principal precondition to admissibility" of a business record is that it have sufficient indicia of trustworthiness to be considered reliable. United States v. Williams, 205 F.3d 23, 34 (2d Cir. 2000). Here, the records are not reliable and possibly misleading because several of the most important entries are missing. Until those records are produced, the court should reject the government's proffer.

Exhibits 1-3 are inadmissible on the further ground that they do not fall within the business record exception. Rule 803(6) permits the admission of a business record only if it is a "record ... of acts [or] events ... **made at or near the time** by, or from information transmitted by , a person with knowledge...." Exhibits 1-3 are not contemporaneous records of current events but rather summaries of past events prepared by persons who lack first hand knowledge. As such, they fail to satisfy the reliability requirements of the business record exception. See United States v. Strather, 49 F.3d 869, 876 (2d Cir. 1995) (The timeliness with which a record is made is important to assure accuracy "because any trustworthy habit of making business records involves making the records contemporaneously"). These exhibits are no more than post-hoc rationalizations created to justify the decision that had been made to terminate Hunter from the program. As such, the authors had a motive

---

[2] Ms. Cohen testified that all records were sent to the Bureau of Prisons after the defendant was released. A subpoena was issued to the BOP, who informed counsel that they do not retain these records. Rather, they are sent to the Probation Office. Probation informs counsel that we have been provided with a copy of all the records in their possession.

- 4 -

to be "less than accurate" Id, and their self-serving summaries should not be admitted.

## III   CONCLUSION

For the foregoing reasons, the government's proposed exhibits, or at least Exhibits 1-3, should be rejected.

                    Respectfully submitted,

                    THE DEFENDANT,
                    JAMES HUNTER

                    THOMAS G. DENNIS
                    FEDERAL DEFENDER

Dated: June 20, 2007   /s/
                    Thomas G. Dennis
                    Federal Defender
                    10 Columbus Blvd, 6th FL
                    Hartford, CT 06106
                    Phone: (860) 493-6260
                    Bar No.: ct05100
                    Email: thomas.dennis@fd.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 20, 2007, a copy of the foregoing Memorandum of Law In Support of Motion In Limine was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                    /s/
                    Thomas G. Dennis