UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| vs. | : | CRIMINAL NO. 3:00CR129(AWT) |
| JAMES HUNTER | : | July 10, 2007 |

**GOVERNMENT'S RESPONSE TO DEFENDANT HUNTER'S**
**MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE**

Defendant James Hunter objects to the admission of records of Watkinson House concerning his failure to comply with the house's program and his consequent discharge. He argues the records inadmissible because they are hearsay and incomplete. This objection is without merit. Not only do the Federal Rules of Evidence not apply in a supervised release violation hearing, but even if they were applicable, the Government has provided an adequate foundation to admit the challenged documents as business records and there is no requirement that every record in a file be produced. Accordingly, the motion should be denied.

**I. Background**

On May 4, 2001 James Hunter pled guilty to six counts of Bank Fraud in violation of Title 18 U.S.C. § 1344. On August 8, 2001 he was sentenced to 27 months imprisonment and five years of supervised release. In December 2005, he was found in violation of his supervised release and he was ordered to serve eight months at Watkinson House, a Bureau of Prison contracted half-way house in Hartford, Connecticut. On January 12, 2006, Hunter began his residence program at Watkinson House with a projected release date of September 11, 2006. The defendant, however,

after a short period of time violated the terms of his program at Watkinson House and had to be prematurely discharged on April 7, 2006.  This again constituted a violation of his terms of supervised release.

Defendant now attempts to avoid being held accountable for his failure to complete the Watkinson House program by contesting the completeness and reliability of the house's records.  However, the Government has demonstrated that these records are both admissible and reliable.  At a hearing held on May 25, 2006, this Court heard testimony from the director of Watkinson House, Elaine Cohen, who identified and explained the origin and nature of the records offered as Government Exhibits One through Eleven.   She testified that each is a business record kept in the ordinary course of business by Watkinson House; each was made or compiled at or near the time of the event by someone with knowledge of the event; and that it was the regular practice of Watkinson House to create and maintain such records.  Furthermore, she was personally familiar with Hunter's violations of house rules and his program, corroborating the reliability of the records.  Accordingly, even if the Federal Rules of Evidence fully applied, a foundation was made for the admissibility of these records as an exception to the hearsay rule as provided in Federal Rule of Evidence 803(6), and the testimony shows them to be reliable.

## II. Discussion

### a. Rules of Evidence not applicable

It is well established that compliance with the Federal Rules of Evidence is not required at a supervised release violation hearing.  *See* Fed.R.Evid. 1101(d)(3) (the rules do not apply to a hearing concerning "sentencing, or granting or revoking probation;" and

Fed.R.Crim.P.32.1(a)(2), Advisory Committee Notes (1979 additions) "The hearing required by rule 32.1(a)(2) is not a formal trial; the usual rules of evidence need not be applied."

In *Morrisey v. Brewer*, the Supreme Court noted that "the revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations." *Morrisey v. Brewer* 408 U.S. 471, 489 (1972). The Court went on to explain that "the process should be flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial." *Id.* at 489. S*ee also Gagnon v. Scarpelli*, 411 U.S. 778, 783 (1973) (confirming the appropriate admissibility of documentary evidence in lieu of live testimony in revocation hearings).

In accordance with *Morrisey* the Second Circuit recently noted "the constitutional guarantees governing revocation of supervised release are identical to those applicable to revocation of parole or probation. *United States v. Jones,* 299 F.3d 103, 109 (2d Cir. 2002); citing *United States v. Sanchez,* 225 F.3d 172, 175 (2d Cir. 2000). These rights include, among others, the right to a written notice of the claimed violations, an opportunity to be heard in Court and present witnesses, and the right to confront and cross examine witnesses. 225 Fed.3d at 175. In *Sanchez* the Court further observed that "[t]he Supreme Court does not, however, attach to revocation proceedings the full range of procedural safeguards associated with a criminal trial because a probationer already stands convicted of a crime." 225 Fed.3d at 175.

Accordingly, to the extent that the defendant argues the Federal Rules of Evidence bar the offered documents of Watkinson House, his argument must fail.

### B. Documents are admissible under Fed.R.Evid. 803(6)

Even if the rules of evidence were applicable in this hearing, the offered documents are admissible under Federal Rule of Evidence 803(6). Defendant argues that the records of Watkinson House consist of inadmissible hearsay. However, this is precisely the kind of evidence envisioned and authorized by Federal Rule of Evidence 803(6). The rule, which carves out a clear exception to the hearsay rule, provides in relevant part that "[a] memorandum, report, record... *in any form*, of acts, events, conditions, *opinions*....made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record ... all as shown by the testimony of the custodian or other qualified witness...are admissible as exceptions to the hearsay rule.

The documents offered squarely fall within this exception. They are records reflecting events that transpired while Hunter was a resident at the Watkinson House, made at or near the time of the event and kept in the ordinary course of business. To require, as the defendant argues, that each person making these records must testify before they are admitted, is contrary to and inconsistent with the rule. In fact, the defendant's interpretation of FRE 803(6) would serve to make the rule meaningless. In reality, defendant's argument goes to the weight of the evidence but not its admissibility.

The absence of progress reports towards the end of Defendant's brief stay at Watkinson House does not bar admission of the existing records. The Probation Office and Bureau of Prisons have conducted a thorough search of their files, and all records in their possession have been provided. There is no requirement under the rules that every

document in a file must be produced before a document is admissible. In fact, in most situations only selected documents are introduced. Any inference to be drawn or argued from the absence of the missing records goes to the weight, but not the admissibility of the records.

**III. Conclusion**

For the foregoing reasons, the Government's exhibits should be admitted.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY


JAMES G. GENCO
ASSISTANT UNITED STATES ATTORNEY
FEDERAL BAR NO. CT00360
450 MAIN STREET, ROOM 328
HARTFORD, CT  06103
(860) 947-1101

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing has been forwarded this 10th day of July, 2007 to:

Thomas G. Dennis
Federal Defender
10 Columbus Blvd., FL 6
Hartford, Connecticut 06106-1976


_____
JAMES G. GENCO
ASSISTANT UNITED STATES ATTORNEY